895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BOUT, Plaintiff-Appellant,
Marvin Sanders, Plaintiff,
v.
Robert BROWN, John Jabe, Defendants-Appellees.
 No. 89-1677.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 Before MERRITT, Chief Judge, KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harry Bout appeals the summary judgment for the defendant prison officials in this civil rights action filed as a class action under 42 U.S.C. Sec. 1983. Bout alleged that defendants deprived segregation status prisoners of personal property and required them to wear restraints during visits after disturbances in the 5 block segregation unit at the State Prison of Southern Michigan. The district court determined that no genuine issue of material fact existed, denied class certification and granted summary judgment for defendants. Upon consideration, we conclude that summary judgment was proper.
 
 
 3
 Generally, summary judgment is proper if there exists no genuine issue of material fact and a party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceutical, Inc., 862 F.2d 597, 601 (6th Cir.1988). Here, no genuine issue of material fact existed and defendants were entitled to judgment as a matter of law. Although plaintiff complains that his ability to respond to defendants' motion for summary judgment was hampered by defendants, plaintiff has not shown that a genuine issue of material fact was obscured. Thus, summary judgment was proper.
 
 
 4
 First, we conclude that plaintiff possesses no liberty interest in having private property because the state regulations in question place no substantive limitations upon defendants' discretion to remove the property for reasons of safety. See Kentucky Dep't of Corr. v. Thompson, 109 S.Ct. 1904, 1909 (1989). Even if a liberty interest exists, the interest was not violated arbitrarily under the circumstances. See Chernin v. Welchans, 844 F.2d 322, 325-26 (6th Cir.1988). Further, physical restraints are constitutionally permissible where, as here, penological justification exists. See Jackson v. Cain, 864 F.2d 1235, 1243-44 (5th Cir.1989).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.